**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4494**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRENCE ANTONIO MARTIN, a/k/a Buck,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Timothy M. Cain, Chief District Judge.  (8:21-cr-00490-TMC-3)

_____

Submitted:  July 25, 2024                                    Decided:  July 29, 2024

_____

Before GREGORY, HARRIS, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Jonathan M. Milling, MILLING LAW FIRM, LLC, Columbia, South Carolina, for Appellant.  Justin William Holloway, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Antonio Martin pled guilty, pursuant to a written plea agreement, to felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924 (a)(2), (e), and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D). The district court sentenced Martin to 102 months' imprisonment and three years of supervised release. On appeal, Martin's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Martin's conviction for felon in possession of a firearm in his residence was unconstitutional under the Second Amendment in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022); whether the district court plainly erred in accepting Martin's plea on that count; whether Martin's guilty plea is valid; and whether the district court imposed a reasonable sentence. Martin was notified of his right to file a pro se supplemental brief, but he has not done so. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Martin's plea agreement. We affirm in part and dismiss in part.

The waiver provision in the plea agreement does not preclude our review pursuant to *Anders* of the validity of Martin's guilty plea. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). Because Martin did not seek to withdraw his guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (discussing plain error standard). Our review of the record leads us to conclude that Martin entered his guilty plea knowingly and voluntarily, that a factual basis

2

supported the plea, and that his guilty plea is valid. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991) (discussing district court's obligations under Rule 11).

Next, "[w]e review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). Upon review of the record, including the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Martin knowingly and voluntarily waived his right to appeal his convictions and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable and that the Second Amendment and sentencing issues raised by *Anders* counsel fall squarely within the waiver's scope. *See Oliver v. United States*, 951 F.3d 841, 848 (7th Cir. 2020) (explaining that "normal constitutional challenges to a statute of conviction fall comfortably within the permissible scope of valid [appellate] waivers").

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues covered by the appellate waiver. We also deny in part the motion to dismiss and affirm as to any issue not precluded by the appellate waiver.

This court requires that counsel inform Martin, in writing, of the right to petition the Supreme Court of the United States for further review. If Martin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

3

move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Martin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*